

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 05-40026 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION |
| | * | AND ORDER DENYING MOTION |
| CHERYL RENA EWING, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On February 11, 2008, defendant Cheryl Ewing filed a pro se motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant's lawyer, Timothy Langley, an Assistant Federal Public Defender,[1] filed a Notice of Appearance on April 22, 2008. A memorandum in support of Defendant's motion was filed on April 23, 2008, and supplemental authority in support of the motion was submitted to the Court on July 28, 2008. On August 22, 2008, the government filed a resistance to the motion.

Defendant was sentenced by this Court on September 19, 2005 after pleading guilty to conspiracy to distribute and possess with intent to distribute a controlled substance, crack cocaine.

---

[1] On January 30, 2008, Chief Judge Karen E. Schreier issued a Standing Order appointing the Office of the Federal Public Defender for the District of South Dakota to represent all defendants in this District who were convicted of a federal offense involving cocaine base on or after November 1, 1987, and who remain in the custody of the Bureau of Prisons. Two of the purposes of this appointed representation are:
    1.    To identify all persons with a claim for relief under the United States Sentencing Guidelines amendment affecting cocaine base which became effective November 1, 2007, and which was made retroactive by the Sentencing Commission on December 11, 2007, including persons who may have filed a pro se pleading for relief pursuant to this amendment.
    2.    To seek any available sentencing relief for such person, including sentencing relief pursuant to 18 U.S.C. § 3582(c).

Defendant's imprisonment range under the advisory sentencing guidelines was 108 to 135 months based on an offense level of 29 and a criminal history category of III. Because her offense involved 50 grams or more of crack cocaine, Defendant faced a statutory mandatory minimum sentence of 120 months, which was the sentence imposed. On October 20, 2006, the government filed a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure based on Defendant's substantial assistance. The Court granted the motion and reduced Defendant's imprisonment sentence to 60 months.[2]

On November 1, 2007, the Sentencing Commission issued amendments to the crack cocaine guidelines which lowered sentencing ranges for most crack offenses by two offense levels. On December 11, 2007, the Commission voted to apply the crack amendments retroactively to cases in which the defendant was sentenced before November 1, 2007. The Commission also modified U.S.S.G. § 1B1.10, the guideline concerning retroactive application of amendments.

This Court has authority to reduce a sentence when the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2). The applicable policy statement issued by the Sentencing Commission, U.S.S.G. § 1B1.10, provides in relevant part:

(a) Authority.-

\* \* \*

(2) Exclusions.- - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-

\* \* \*

---

[2]Rule 35 allows a reduction below the statutory mandatory minimum. *See* FED.R.CRIM.P. 35(b)(4) ("When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.").

>    (B) [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.
>
>    (3) Limitation.- - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

U.S.S.G. § 1B1.10(a)(2)-(3).

Defendant states that, with a two level reduction pursuant to the crack cocaine amendments, her total offense level would be 27 and her revised sentencing range would be 87 to 108 months. She requests a sentence of 49 months which is 56 percent of the low end of her new guideline range. This request is based on the fact that her reduced sentence of 60 months is 56 percent of the low end of her old guideline range. Defendant acknowledges that she is subject to a statutory mandatory minimum. Her guideline sentence after application of the crack amendment is lower than the 120 month statutory mandatory minimum sentence. The Eighth Circuit has held that when a statutory mandatory minimum sentence exceeds the applicable guideline range, the statutory sentence becomes the guideline sentence. *See United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008) (crack amendments not applicable to defendant whose statutory mandatory minimum exceeded guideline range); *see also* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Thus, Defendant's guideline sentence is not changed by the crack amendment; rather, her guideline sentence remains at 120 months. Consequently, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) because it is not consistent with the Sentencing Commission's policy statement at U.S.S.G. § 1B1.10(a)(2)(B) excluding a reduction if the crack amendment "does not have the effect of lowering the defendant's applicable guideline range."

Defendant argues that it is inequitable to deny her a sentence reduction when defendants with guideline ranges higher than the statutory mandatory minimum are eligible for reductions under the retroactive change in the crack cocaine guidelines. Whether or not the result is inequitable, the Sentencing Commission cannot alter a statutory mandatory minimum sentence, and the statute does

not permit the Court to reduce Defendant's sentence in this case. *See* 18 U.S.C. § 3582(c)(2) (A "court may not modify a term of imprisonment once it has been imposed except that . . . [a court may reduce a sentence] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . .").

Defendant believes that reduction of her sentence below the statutory mandatory minimum for her substantial assistance pursuant to Rule 35(b) allows the Court to further reduce her sentence under 18 U.S.C. § 3582(c)(2) based on the crack cocaine amendments. Defendant submitted *United States v. Hedgebeth*, CR 05-633-01 (E.D.Pa., July 10, 2008), as authority for this proposition. In *Hedgebeth*, the district court granted the defendant's motion for a sentence reduction based on the crack cocaine amendments despite the fact that he was subject to a mandatory minimum sentence. The district court reasoned that the defendant's reduced sentence based on his substantial assistance was "at least to some extent, influenced by, and therefore 'based [in part] on a sentencing range that has been subsequently lowered' within the meaning of § 3582(c)(2)." *Hedgebeth* is inconsistent with the Eighth Circuit's holding in *Johnson*, 517 F.3d at 1024. In *Johnson*, the defendant was subject to consecutive 120-month (drug count) and 60-month (gun count) mandatory minimum terms of imprisonment. *Id.* at 1022. The district court granted the government's motion to reduce the defendant's sentence for substantial assistance pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, went below the mandatory minimum on the drug charge, and sentenced the defendant to a total of 126 months in prison. (Sixty-six months for the drug count and 60 months on the gun count.) *Id.* On appeal, the defendant argued he was entitled to a resentencing based on the crack cocaine amendments. *Id.* at 1024. The Eighth Circuit rejected the defendant's argument:

> These amendments ... would not affect Johnson in any event because his sentence was subject to statutory mandatory minimums. Johnson submits that these amendments would reduce his guideline range for the drug charge to 78-97 months, but because this is lower than the 120 month minimum in 21 U.S.C. § 841(b)(1)(A), 120 months would become the guideline sentence under §5G1.1(b). Since the district court used the 120 month mandatory minimum as its point of departure, resentencing is not warranted.

4

*Id.* (internal citations omitted); *cf. United States v. Black*, 523 F.3d 892, 893 (8th Cir. 2008) (per curiam) (on motion for sentence reduction filed under 18 U.S.C. § 3582(c)(2) based on crack cocaine amendments, district court lacked authority to reduce sentence below the 60-month mandatory minimum "even after *Kimbrough*, which does not authorize district courts to sentence below the Congressionally-mandated statutory minimum sentences"). The reasoning of *Johnson* is equally applicable when a defendant receives a sentence reduction for substantial assistance pursuant to Rule 35(b). The fact that Defendant, like Johnson, ultimately received a sentence below the statutory minimum as a result of her substantial assistance does not affect her guideline calculation. The district court's opinion in *Hedgebeth* does not alter the Court's determination that it cannot reduce Defendant's sentence under 18 U.S.C. § 3582(c)(2). Accordingly,

    IT IS ORDERED that Defendant Cheryl Ewing's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), Doc. 48, is denied.

    Dated this 16th day of October, 2008.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Jackie Messingpiemer
(SEAL)   DEPUTY